ANNIE GARWOOD

v.

EDMUND J. GARWOOD et al.

[Filed November 30th, 1897.]

A chattel mortgage made by a husband directly to his wife, without the intervention of trustees, is good in equity.

On bill to foreclose chattel mortgage.

*Mr. William Holt* and *Mr. Woodbury D. Holt,* for the complainant.

*Mr. Willis P. Bainbridge,* for the defendants.

REED, V. C.

In July, 1893, Edmund J. Garwood made a chattel mortgage upon certain of his personal property to his wife, Annie, to secure her for money loaned to him by her. A subsequent judgment creditor of the husband, who has levied his execution upon the same chattels, contests the validity of the mortgage solely upon the ground that it was made directly by the husband to the wife without the intervention of any trustee or third party.

By the common law such a mortgage is regarded as a nullity. For reasons—partly to secure domestic tranquillity and partly to carry out the policy of the system of feuds—the legal existence of the wife was entirely merged in that of the husband. There was no duality of personality, and as a contract requires two or more parties and husband wife constitute but one, there could be no contract between them which the law would recognize or enforce.

But courts of equity, following in this particular, as in most others, the doctrine of the civil law, have always recognized the wife as possessing a legal entity apart from that of her husband.

The moment that the separate existence of the wife was admitted, it followed that the impossibility of recognizing any contractual relations between them at once disappeared. Therefore, courts of equity have never refused to enforce such contracts merely because of any difficulty springing from the common-law doctrine of the unity of husband and wife. The courts do not enforce all contracts between husband and wife, because the power is an equitable one and to be used for the best interests of all the parties, including their interest as husband and wife. *Story Eq. Jur.* § *1368; Bisp. Pr. Eq.* § *114.*

The following are instances of the kind of agreement which equity will enforce : If the wife, having a separate estate, should *bona fide* enter into a contract with her husband to make him a certain allowance out of the income of such separate estate for a reasonable consideration, the contract, while void at law, would be enforced in equity. *Moore* v. *Freeman, Bunb. 205.* So, before the existence of any statute securing the profits of a married woman to her, a promise by the husband, for good reasons, that she should separately enjoy property bequeathed to her, would be upheld by the court of equity. *Harvey* v. *Harvey, 1 P. Wms. 125·; Bradish* v. *Gibbs, 3 Johns. Ch. 523, 540.*

If a husband should, for a *bona fide* consideration, agree that he would purchase land and build a house thereon for her and she should pay him therefor out of the proceeds of her own real estate, if he should perform the contract on his side, she also would be compelled to perform hers. *Livingston* v. *Livingston, 2 Johns. Ch. 537, 539.* So, gifts from the husband to the wife, although void at law, were, when reasonable, upheld in equity. But the court of equity always held a restraining hand over such gifts, and the husband would not be permitted, for reason of policy, to impoverish himself nor to defeat his creditors by such gifts. *Beard* v. *Beard, 3 Atk. 72; Slanning* v. *Style, 3 P. Wms. 337; 2 Spenc. Eq. Jur. 502.*

That courts of equity will aid the wife to recover her separate estate which has come into the hands of her husband and has been retained by him against her consent, is entirely settled.

Garwood v. Garwood.

*Vreeland* v. *Vreeland, 1 C. E. Gr. 512.* If she loan him money, equity will enforce his expressed or implied promise to repay it. *Wood* v. *Chetwood, 17 Stew. Eq. 64.*

Now, if he can enter into an enforceable contract to repay, so he can pledge his property to secure the performance of his promise. That he could make an absolute sale of his property to her is entirely settled. Said Chancellor Kent in *Livingston* v. *Livingston, supra:* "A husband and wife may contract for a *bona fide* and valuable consideration for the transfer of property from him to her."

In *Wallingsford* v. *Allen, 10 Pet. 583,* Mr. Justice Swayne discusses the question of the extent to which a court of equity had gone in maintaining the transference of the property by the husband to the wife without intervention of trustees. In that case the supreme court of the United States upheld a transfer of slaves from the husband directly to the wife.

A chattel mortgage is a conditional sale. The consideration of this mortgage being admittedly money loaned, the wife's title under it is, in this court, unimpeachable.

In *Woodruff* v. *Clark and Apgar, 13 Vr. 198,* a chattel mortgage had been made by a husband directly to his wife. The wife brought an action of replevin against parties who seized the property. It was held that an action would not lie, because the sale at law was a nullity. But the chief-justice remarked : " That this transfer was enforceable in equity, and that the title of the plaintiff would have been protected in that forum against the claims of her husband's creditors, no one will deny."

I will therefore advise a decree for the complainant.